## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**CATHERINE BRADFORD**                                              **PLAINTIFF**

**v.**                           **No. 3:16-CV-00031-JTR**

**CAROLYN W. COLVIN,**
**Acting Commissioner,**
**Social Security Administration**                                **DEFENDANT**

### ORDER REMANDING TO THE COMMISSIONER

Catherine Bradford ("Bradford") applied for social security disability benefits with an alleged disability onset date of June 22, 2013. (R. at 61). The administrative law judge ("ALJ") held that Bradford was not disabled. (R. at 24). The Appeals Council denied Bradford's request for review, making the ALJ's decision the final decision of the Commissioner. (R. at 1). Cullum has requested judicial review.[1]

For the reasons stated below, the Court reverses and remands the Commissioner's decision.

## I.      The Commissioner's Decision

In his decision, the ALJ determined that Bradford had the severe impairments of affective disorder and chronic pulmonary insufficiency. (R. at 13). The ALJ then held that Bradford had the residual functional capacity ("RFC") to

---

[1]The parties have consented to the jurisdiction of a United States Magistrate Judge.

perform work at all exertional levels with the following nonexertional limitations: she could only perform unskilled work that can be learned by rote with few variables and requires little judgment; she is limited to incidental interpersonal contact and requires simple, direct, and concrete supervision; and she should avoid concentrated exposure to odors, dust, fumes, pulmonary irritants, extreme cold, and extreme heat. (R. at 17). A vocational expert ("VE") testified that this RFC allowed Bradford to return to past relevant work as a retail stocker, a light cleaner, or a gas station cashier. (R. at 23). Thus, the ALJ held that Bradford was not disabled. (R. at 23–24).

## II.    Discussion

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g).

Bradford argues that the ALJ's RFC determination is not supported by substantial evidence. Specifically, she argues that the ALJ erred by failing to include any exertional limitations in the RFC.

The ALJ acknowledged findings that Bradford had bilateral osteoarthritis in the knees as well as chronic back pain that restricted her range of motion, but concluded that her knee and back impairments were "non-severe." (R. at 15).

Radiological findings showed disk bulges in the lumbar spine, degenerative spondylosis, and lower lumbar facet arthropathy. (R. at 638, 660-61). Bradford suffered from reduced range of motion in the lumbar spine. (R. at 623, 641). Although medical records show that Bradford's back pain improved after receiving two lumbar injections in May 2014, the evidence also shows that she reported, less than a month later, that she was unable to bend a full 90 degrees without experiencing pain. (R. at 617, 640).

Nevertheless, in the face of this and other evidence, the ALJ held that Bradford had no exertional limitations. The only opinion from a treating medical provider is the opinion of Bradford's nurse practitioner, who assigned her fairly restrictive exertional limitations. (R. at 637–38). While this opinion is not from an "acceptable medical source," as defined by 20 C.F.R §§ 404.1513(a), 416.913(a), the record contains *no* acceptable treating or examining source opinion as to Bradford's RFC. In light of the objective medical evidence showing Bradford's back pain and bilateral knee osteoarthritis, and the opinion of her nurse practitioner, it is difficult to imagine that Bradford can work at all exertional levels up to and including very heavy work, which involves lifting objects weighing over 100 pounds and frequently lifting and carrying of objects weighing 50 pounds or more. 20 C.F.R §§ 404.1567(e), 416.967(e). Substantial evidence does not support the ALJ's RFC determination.

### III.    Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court concludes that the record as a whole does not contain ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The ALJ's decision is therefore REVERSED and REMANDED, with instructions to further develop the record as necessary and to reevaluate Bradford's residual functional capacity.

It is so ordered this 17th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE